|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| LAFAYETTE DEAN BROOKS and WELTON THOREN MYERS,<br><br>Plaintiffs<br><br>v.<br><br>KIMBERLY WANKER and U.S. BANK TRUST N.A.,<br><br>Defendants | Case No.: 2:19-cv-00973-APG-CWH<br><br>**Order Granting Motion to Dismiss and Denying Motion for Summary Judgment**<br><br>[ECF Nos. 3, 5] |

Plaintiffs Lafayette Brooks and Welton Myers sue defendants Kimberly Wanker and U.S. Bank Trust, N.A. for alleged constitutional rights violations related to a judicial proceeding in Nevada state court. ECF No. 1. Wanker, the judge who presided over the state court proceeding, moves to dismiss on the basis of absolute judicial immunity. The plaintiffs respond by moving to dismiss Wanker's motion and for summary judgment. The plaintiffs argue Wanker has not timely filed an answer and she did not sign her own court papers. On the merits, they argue Wanker refused to hold a hearing on the facts in the state court proceeding and failed to establish jurisdiction in that case because U.S. Bank lacked an interest in the property that was the subject of the state court proceeding.

I grant Wanker's motion and deny the plaintiffs' motion. As to the plaintiffs' procedural challenges, the Federal Rules of Civil Procedure contemplate a defendant filing a motion to dismiss before filing an answer. *See* Fed. R. Civ. P. 12. And Wanker is represented by counsel, so she does not need to sign her own motions or other filings. Fed. R. Civ. P. 11(a).

A claim under 42 U.S.C. § 1983 may be maintained against a government official in her individual capacity who, under color of law, deprives an individual of constitutional rights.

However, certain categories of government officials are protected from such claims by absolute immunity. *See Forrester v. White*, 484 U.S. 219, 225-26 (1988). To determine whether absolute immunity applies, the inquiry focuses on the nature and function of the act, not the specific action taken. *See Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Absolute immunity applies to judges performing "judicial acts." *Id.* at 359. If the act is judicial in nature, absolute immunity attaches even if the act is done maliciously or in bad faith, involves grave procedural errors, or exceeds the judge's jurisdiction. *See Stump*, 435 U.S. at 359; *Mirales v. Waco*, 502 U.S. 9, 11 (1991); *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Only judicial acts taken "in clear absence of all jurisdiction" will not be protected by absolute immunity. *Stump*, 435 U.S. at 356-57.

Judicial immunity is immunity from suit, not just immunity from a later assessment of damages. *Mirales*, 502 U.S. at 11. Thus, if judicial immunity attaches to a judicial officer's actions, the suit must be dismissed.

The plaintiffs' claims against Wanker are based on her orders in the state court case. The issuance of court orders is a quintessential judicial function. *See Stump*, 435 U.S. at 362 (finding that a judge's issuance of an order was a judicial act and "the type of act normally performed only by judges"). Accepting as true the plaintiffs' allegation that U.S. Bank lacked an equitable interest in the property that was the subject of the state court case, that does not mean Wanker lacked jurisdiction to issue the challenged orders. The plaintiffs simply disagree with Wanker's rulings, which she made in the context of a judicial proceeding over which she had jurisdiction. *See, e.g.*, ECF Nos. 5 at 28-29; 5-1 at 52-60. She therefore is entitled to absolute judicial immunity, so I grant her motion to dismiss and deny the plaintiffs' motion for summary judgment as to her.

/ / / /

To the extent the plaintiffs' summary judgment motion is directed at defendant U.S. Bank Trust, I deny it without prejudice as premature. To date, the plaintiffs have not shown they have served U.S. Bank Trust.

IT IS THEREFORE ORDERED that defendant Kimberly Wanker's motion to dismiss **(ECF No. 3) is GRANTED**. The plaintiffs' complaint against defendant Kimberly Wanker is dismissed with prejudice.

IT IS FURTHER ORDERED that the plaintiffs' motion for summary judgment **(ECF No. 5) is DENIED**.

DATED this 6th day of August, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE