|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| LAFAYETTE DEAN BROOKS and WELTON THOREN MYERS,<br><br>Plaintiffs<br><br>v.<br><br>KIMBERLY WANKER and U.S. BANK TRUST N.A.,<br><br>Defendants | Case No.: 2:19-cv-00973-APG-CWH<br><br>**Order Denying Motion for Summary Judgment**<br><br>[ECF No. 12] |

Plaintiffs Lafayette Brooks and Welton Myers sued defendants Kimberly Wanker and U.S. Bank Trust, N.A. for alleged constitutional rights violations related to a judicial proceeding in Nevada state court. ECF No. 1. The plaintiffs move for summary judgment against defendant U.S. Bank Trust. I deny the motion without prejudice as premature because the plaintiffs have not shown they properly served U.S. Bank Trust with a summons and the complaint.

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve the defendant with a summons along with a copy of the complaint. The docket does not reflect a summons being issued for U.S. Bank Trust. The plaintiffs thus have not properly served U.S. Bank Trust because they have not served it with a summons.

Moreover, the plaintiffs' means of attempted service is improper. Under Federal Rule of Civil Procedure 4(h)(1), a corporation or association must be served in the manner that individuals are served pursuant to Rule 4(e)(1) or by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Individuals may be served by: (1) following the laws governing service of process in the state where the district court is located

or where service is made; or (2) delivering a copy of the summons and complaint to the individual personally, an authorized agent, or a person of suitable age and discretion residing with the individual. *See* Fed. R. Civ. P. 4(e). Nevada law requires personal service of the summons and complaint to individuals by any of these same personal delivery methods authorized, but not regular or certified mail. Nev. R. Civ. P. 4(d)(6). Consequently, a plaintiff cannot serve a defendant by certified mail under either federal or Nevada law. The plaintiffs' attempts to serve U.S. Bank Trust by certified mail therefore was defective. *See, e.g.*, *Johnson v. Clark Cty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016); *Cabrera v. Las Vegas Metro. Police Dep't*, No. 2:12-CV-00918-RFB-CWH, 2014 WL 6634821, at *2-3 (D. Nev. Nov. 21, 2014).

Even if certified mail could suffice, the plaintiffs do not provide signed certified returns and there is no evidence that anyone who signed the certified return receipts are individuals qualified under the Rule to accept service on behalf of this defendant.

Finally, the plaintiffs provide a signed statement allegedly from an employee of the law firm Ballard Spahr to indicate she received a "[c]hallenge of jurisdiction and notice of void judgment due to lack of jurisdiction" on March 5, 2019. ECF No. 12 at 110. That pre-dates the complaint in this action, so that cannot count as service of the complaint. Additionally, there is no evidence that the law firm employee is an individual authorized to accept service on behalf of U.S. Bank Trust.

In sum, the plaintiffs have not shown they properly effected timely service on U.S. Bank Trust. Proof of service was due by September 5, 2019. Consequently, I will dismiss this action without prejudice unless the plaintiffs can show good cause to extend the deadline to properly effect service on U.S Bank Trust. *See* Fed. R. Civ. P. 4(m).

IT IS THEREFORE ORDERED that the plaintiffs' motion for summary judgment (**ECF No. 12**) **is DENIED**.

IT IS FURTHER ORDERED that **on or before September 30, 2019**, the plaintiffs may file a motion to extend the deadline to serve defendant U.S. Bank Trust. In that motion, the plaintiffs must show good cause to extend the deadline. Failure to do so by that date will result in the dismissal without prejudice of the plaintiffs' remaining claims.

DATED this 9th day of September, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE