UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAFAYETTE DEAN BROOKS and WELTON THOREN MYERS,<br><br>  Plaintiffs<br><br>v.<br><br>KIMBERLY WANKER and U.S. BANK TRUST N.A.,<br><br>  Defendants | Case No.: 2:19-cv-00973-APG-DJA<br><br>**Order Granting Motion to Dismiss and Denying Motion to Strike**<br><br>[ECF Nos. 31, 41] |

Plaintiffs Lafayette Dean Brooks and Welton Thoren Myers sue U.S. Bank Trust, N.A., alleging the bank conspired with co-defendant Kimberly Wanker to divest the plaintiffs of their interest in property and to deprive them of due process. Wanker was the judge presiding over a state court lawsuit that U.S. Bank filed against Brooks to quiet title in property located in Nye County, Nevada. According to the amended complaint, Wanker refused to consider a declaration from a private investigator Brooks hired, refused to hold an impartial hearing to allow the private investigator to testify, and mistakenly ruled that loan securitization does not prevent enforcing a deed of trust through foreclosure. ECF No. 27 at 6-7. The plaintiffs allege Wanker conspired with U.S. Bank to quiet title in its favor despite knowing that U.S. Bank had no interest in the property. *Id.* at 3. The plaintiffs request damages as well as "a determination and order of Quiet Title on Subject Property to Plaintiffs." *Id.* at 11. I previously dismissed Wanker from this action because she is entitled to absolute immunity. ECF No. 9.

U.S. Bank moves to dismiss, arguing that the *Rooker-Feldman* doctrine bars the plaintiffs' claims. Alternatively, U.S. Bank contends that claim preclusion applies. U.S. Bank also argues that it has not been properly served and that the amended complaint fails to state a

claim.  The plaintiffs respond that neither *Rooker-Feldman* nor claim preclusion apply, service has effectively been accomplished because U.S. Bank knows about the lawsuit and has responded, and their amended complaint states claims for relief.

I grant the motion to dismiss because the plaintiffs' claims are barred by the *Rooker-Feldman* doctrine.  I deny as moot U.S. Bank's motion to strike because even if I considered the plaintiffs' unauthorized surreply, the result would be the same.

### A.  Motion to Strike

Under Local Rule 7-2(b), "[s]urreplies are not permitted without leave of court."  The plaintiffs did not request or obtain leave of court before filing a surreply.  Even if I construed the surreply as a motion for leave to file, it merely repeats arguments already made, so it is duplicative and unnecessary.  I nevertheless deny the bank's motion to strike the surreply because even if I considered the plaintiffs' unauthorized surreply, my ruling would not change.

### B.  Rooker-Feldman

The *Rooker-Feldman* doctrine arises from two Supreme Court decisions defining federal district court jurisdiction and the relationship between federal district courts and state courts.  Federal district courts possess "strictly original" jurisdiction and thus have no power to exercise subject matter jurisdiction over a de facto appeal from a state court judgment. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-17 (1923); *Dist. of Columbia Ct. of Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004).  Only the Supreme Court of the United States has jurisdiction to review such judgments. *Feldman*, 460 U.S. at 482; *see also* 28 U.S.C. § 1257.  The *Rooker-Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district

court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). If the *Rooker-Feldman* doctrine applies, I must dismiss for lack of subject matter jurisdiction. *Kougasian*, 359 F.3d at 1139.

The *Rooker-Feldman* doctrine does not deprive federal district courts of subject matter jurisdiction in every case in which a party attempts to litigate in federal court a matter previously litigated in state court. *Exxon Mobil*, 125 S. Ct. at 1527. If a plaintiff presents an "'independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion.'" *Id.* (quoting *GASH Assocs. v. Village of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)). For example, where a plaintiff asserts an adverse party committed extrinsic fraud on the court, *Rooker-Feldman* does not bar the suit because the plaintiff states an independent claim. *Kougasian*, 359 F.3d at 1141. "Extrinsic fraud on a court is, by definition, not an error by that court. It is, rather, a wrongful act committed by the party or parties who engaged in the fraud." *Id.* "*Rooker-Feldman* therefore does not bar subject matter jurisdiction when a federal plaintiff alleges a cause of action for extrinsic fraud on a state court and seeks to set aside a state court judgment obtained by that fraud." *Id.*

To determine whether *Rooker-Feldman* applies, I "first must determine whether the action contains a forbidden de facto appeal of a state court decision." *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013). "A de facto appeal exists when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Id.* (quotation omitted). "In contrast, if a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, *Rooker-Feldman*

does not bar jurisdiction." *Id.* (quotation omitted). "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." *Id.* (emphasis omitted).

If there is a de facto appeal, the federal plaintiff "may not seek to litigate an issue that is inextricably intertwined with the state court judicial decision from which the forbidden de facto appeal is brought." *Id.* (quotation omitted). A claim is "inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Cooper v. Ramos*, 704 F.3d 772, 778-79 (9th Cir. 2012) (quotation omitted). Thus, a claim is inextricably intertwined "where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Id.* (quotation omitted).

U.S. Bank and Brooks previously litigated their adverse interests in the property in the state court litigation and Brooks lost both before the trial court and on appeal. ECF Nos. 31-11 through 31-18. The plaintiffs allege in this action that Wanker committed legal error by not considering evidence or holding an evidentiary hearing and by concluding that securitization does not preclude foreclosure on a deed of trust. The plaintiffs seek as a remedy that title in the property be quieted in their favor, which would effectively overrule the state court decision. *See* ECF Nos. 15 (state trial court ordering that "[t]itle is quieted in favor of U.S. Bank"); 16 (state appellate court rejecting Brooks' argument on appeal that the trial court did not address who owned the property). The plaintiffs thus are attempting to bring a de facto appeal that is barred by the *Rooker-Feldman* doctrine.

The plaintiffs contend they have alleged an independent claim because they seek damages against U.S. Bank for conspiring with Wanker to deprive them of due process. That

4

issue is inextricably intertwined with the de facto appeal because it is predicated on the assumption that Wanker ruled as she did because she conspired with U.S. Bank. Moreover, Brooks argued on appeal that Wanker was biased and conspired with U.S. Bank, and the court of appeals rejected that argument. ECF No. 31-16 at 5; *see also Brooks v. U.S. Bank*, Supreme Court of Nevada No. 76574, Op. Br. at 2-5 (requesting reversal and "a proper hearing in accordance to my right of due process of law" and arguing that Wanker was biased and conspired with U.S. Bank). The plaintiffs thus are attempting a de facto appeal not only of Wanker's decision but also the court of appeals' decision, and issues related to Wanker's alleged bias and participation in a conspiracy are inextricably intertwined with the de facto appeal. *See Bianchi v. Rylaarsdam*, 334 F.3d 895, 901-02 (9th Cir. 2003) (holding that a due process claim against a state court judge for bias was "inextricably intertwined" with the state court's decision, and thus beyond the federal court's subject matter jurisdiction).

In any event, the amended complaint does not plausibly allege a conspiracy. The plaintiffs appear to conclude that Wanker and U.S. Bank must have conspired because Wanker erred in her rulings. That does not plausibly allege a conspiracy. *See Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998) (stating that "a party cannot rely merely on allegations that a state judge issued erroneous orders to support a conspiracy claim" because "[o]therwise, any party dissatisfied with a state court decision could pursue a claim of conspiracy in federal court"). The plaintiffs also overlook the fact that Wanker's rulings were affirmed on appeal, yet they do not allege that the appellate judges also participated in the alleged conspiracy.

Finally, contrary to the plaintiffs' contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply because the plaintiffs do not allege any facts showing they were prevented from presenting their claims in state court. *Kougasian*, 359 F.3d at 1140 ("Extrinsic

fraud is conduct which prevents a party from presenting his claim in court." (quotation omitted)). Although they allege Wanker excluded some evidence and refused to hold an evidentiary hearing, there are no allegations that Brooks was precluded from presenting his claims to the court of appeals, including his contention that Wanker was biased and conspired with U.S. Bank.[1]

Because the *Rooker-Feldman* doctrine applies, this court lacks subject matter jurisdiction to entertain this case. Consequently, I grant U.S. Bank's motion to dismiss.

### C. Conclusion

I THEREFORE ORDER that defendant U.S. Bank Trust, N.A.'s motion to strike **(ECF No. 41) is DENIED**.

I FURTHER ORDER that defendant U.S. Bank Trust, N.A.'s motion to dismiss **(ECF No. 31) is GRANTED**. This action is dismissed for lack of subject matter jurisdiction.

I FURTHER ORDER the clerk of court to enter judgment accordingly and close this case.

DATED this 11th day of September, 2020.

                                                          ANDREW P. GORDON
                                                          UNITED STATES DISTRICT JUDGE

---

[1] It is unclear from the papers why Myers is a plaintiff in this action. How or when he obtained an interest (if any) in the property is never explained. But he does not dispute that whatever his interest is, he is aligned with Brooks, and he makes no separate argument that the *Rooker-Feldman* doctrine should not bar his claims even if it bars Brooks' claims.